# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1735ND

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of North Dakota. |
| | * | |
| Juvenile Male E.S., | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  October 20, 1998
Filed:  October 28, 1998

_____

Before FAGG, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Juvenile Male E.S. appeals the district court's denial of his motion to dismiss asserting the government failed to comply with the thirty-day speedy trial requirement in 18 U.S.C. § 5036.  We conclude certain delays did not count towards the thirty-day period, and thus affirm.

After he stabbed another juvenile on the Turtle Mountain Indian Reservation, E.S. was arrested by a tribal officer, taken into custody, and charged in tribal court on November 6, 1997.  On November 12, the federal government filed a certification of juvenile delinquency under 18 U.S.C. § 5032.  A day later, a federal district court

issued a habeas writ of prosecution directing tribal authorities to relinquish E.S. to federal marshals. Marshals served the writ and took E.S. into custody on November 14. At the detention hearing on November 20, the parties discussed E.S.'s earlier behavioral history, and E.S.'s counsel asked for a psychological evaluation to determine whether E.S. understood the proceedings or nature of the offense. When the district court gave defense counsel until November 24 to file a motion requesting an evaluation, defense counsel requested until December 2 to file the motion. On that day, however, defense counsel filed a motion to dismiss the indictment for violation of the thirty-day speedy trial requirement rather than the motion for a psychological evaluation. On December 3, the government filed a motion to exclude from the speedy trial period the twelve days from November 20 until December 2. The government also filed a motion for a psychological examination of E.S. At a hearing on all motions on December 5, the district court ordered a psychological evaluation, noting E.S.'s counsel had raised competency issues. On February 3, 1998, the district court received the evaluation and denied E.S.'s motion to dismiss. At the adjudication hearing scheduled for February 6, E.S. entered a conditional guilty plea reserving his right to appeal the speedy trial issue.

In his appeal, E.S. contends he was not brought to trial within thirty days of his detention as required by 18 U.S.C. § 5036. Section 5036 states:

> If an alleged delinquent who is in detention pending trial is not brought to trial within thirty days from the date upon which such detention was begun, the information shall be dismissed on motion of the alleged delinquent or at the direction of the court, unless the Attorney General shows that additional delay was caused by the juvenile or his counsel, or consented to by the juvenile and his counsel, or would be in the interest of justice in the particular case.

18 U.S.C. § 5036 (1994).

Like the district court, we conclude E.S. was brought to trial within thirty days of his detention when delays excludable under § 5036 are not counted. E.S.'s December 2 motion to dismiss tolled the speedy trial period until the December 5 hearing as a delay "caused by the juvenile or his counsel." Id.; see United States v. Eric B., 86 F.3d 869, 875 (9th Cir. 1996). The time from December 5 to February 3 for E.S.'s psychological evaluation is properly excluded as a delay "in the interest of justice." 18 U.S.C. § 5036; see United States v. Cheyenne, 558 F.2d 902, 907-08 (8th Cir. 1977). Accordingly, even if the thirty-day speedy trial period began on November 6 as E.S. asserts, only twenty-eight days elapsed before the adjudication hearing on February 6. Further, the twelve days between November 20 and December 2 are excludable as delay caused by E.S.'s counsel since counsel requested that time to prepare a motion for a psychological evaluation and then filed a motion to dismiss instead. See Eric B., 86 F.3d at 875.

We thus affirm the denial of E.S.'s motion to dismiss.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-